## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

RUDOLPH MICHAEL SEDGES, and
JENNIFER LUMPKIN,

      Plaintiffs,

 v.

AVALON CONDOMINIUM ASSOCIATION,
INC. D/B/A AVALON RESORT,
LOUIS CARDILLO, and
DOREEN REISS,

      Defendants.

_____/

### COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs RUDOLPH MICHAEL SEDGES ("Sedges") and JENNIFER LUMPKIN ("Lumpkin") bring this action against Defendants AVALON CONDOMINIUM ASSOCIATION, INC. D/B/A AVALON RESORT ("Avalon"), LOUIS CARDILLO ("Cardillo"), and DOREEN REISS ("Reiss") and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Avalon was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Upon information and belief, Avalon's gross sales or business generated was over $500,000 per year at all times material hereto.

1

5. Avalon has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

6. Avalon was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

7. At all times material hereto, Sedges was an employee in the domestic service of a home and performing a variety of domestic services as defined by 29 U.S.C. § 202.

8. Sedges engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

9. At all times material hereto, Lumpkin was an employee in the domestic service of a home and performing a variety of domestic services as defined by 29 U.S.C. § 202.

10. Lumpkin engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

11. Cardillo is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Avalon, ran the day-to-day operations, had operational control over Avalon, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

12. Reiss is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Avalon, ran the day-to-day operations, had operational control over Avalon, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

13. Avalon operates a business engaged in the operation of a condominium association and resort.

14. Sedges worked for Defendants as a maintenance and general laborer.

15. Lumpkin worked for Defendants as a housekeeping and general laborer.

16. Defendants failed to pay Sedges's full and proper minimum wages.

17. Defendants failed to pay Lumpkin's full and proper minimum wages.

18. Defendants failed to pay Sedges's full and proper overtime wages.

19. Defendants failed to pay Lumpkin's full and proper overtime wages.

20. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

21. Attached as **Exhibit A** is a preliminary calculation of Sedges's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

22. Attached as **Exhibit B** is a preliminary calculation of Lumpkin's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

23. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

24.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-23 above as if set forth herein in full.

25.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

26.     Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:     (786) 358-6071
Email:  ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791
Dillon Cuthbertson, Esq.
Florida Bar No. 1056382

4