UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-62204-CIV-HUNT
[Consent Case]

RUDOLPH MICHAEL SEDGES,
and JENNIFER LUMPKIN,

     Plaintiffs,

v.

AVALON CONDOMINIUM ASSOCIATION,
INC. D/B/A AVALON RESORT,
LOUIS CARDILLO, and
DOREEN REISS,

     Defendants.
_____/

**ORDER**

   This matter came before the Court on Defendants' Motion to Reconsider, ECF No. 81, and Motion to Stay, ECF No. 82. Pursuant to the Parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* ECF Nos. 64; 65. This Court, having reviewed the file, considered the Motions, any Response or Reply thereto, and being otherwise fully advised, hereby DENIES the Motions for the following reasons.

   This is a case arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., regarding a claim for unpaid wages. On June 20, 2025, a mediator filed a Notice in this case stating that a settlement had been reached. ECF No. 63. After the Notice, the Parties continued to discuss the finer details of the agreement. During these discussions, disagreements developed between Plaintiffs and Defendants Avalon

Condominium Association and Louis Cardillo[1] ("Defendants") over the final signed contract.   Plaintiffs sought to enforce the terms agreed to at the mediation, while Defendants argued that there was no settlement because certain essential terms were not agreed to at mediation.  Following an evidentiary hearing, this Court found that there was an enforceable settlement.  Defendants now ask us to reconsider that decision.

"The only grounds for granting a motion for reconsideration with regard to a judgment of the Court are newly-discovered evidence or manifest errors of law or fact." *Farrell v. Flecha*, No. 13-22457-CIV-WILLIAMS, 2013 WL 12139327, at *1 (S.D. Fla. July 25, 2013) (citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)).  "Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration."  *Hammond v. Fla. Dep't of Child. & Fams.*, No. 2:25-CV-79-SPC-KCD, 2025 WL 523962, at *1 (M.D. Fla. Feb. 18, 2025).

Defendants now argue multiple points.  First, they contend that Plaintiffs' claims had no merit.  Second, they argue that no enforceable agreement was reached at mediation.  Third, they argue that testimony taken at the hearing was inadmissible.

The Court sees no reason to revisit its prior decision regarding whether a settlement was reached and therefore finds no need to examine the merits of Plaintiffs' initial claims.  However, the Court will take the opportunity to clarify its prior decision in light of Defendants' arguments regarding inadmissible testimony.  At the hearing on Plaintiffs' Motion to Enforce, Defendants objected to both the consideration of the

---

[1] Defendant Doreen Reiss represents herself *pro se* and did not file any objections to the settlement agreement.  There has been no argument as to Reiss and the Court takes no position as to the enforceability of the agreement as to her.

mediator's email summarizing the agreement and the testimony of the Parties' attorneys. The undersigned stands by the previous rulings that the email was admissible under Fla. Stat. § 44.405(4)(a)(5).

The undersigned likewise still finds that the attorneys' testimony was admissible. However, even were this Court to consider only the email and the testimony of Defendants' representative, Louis Cardillo, the conclusion that an enforceable agreement existed would not change.  As noted in the prior decision, Cardillo's testimony was inconsistent on pertinent details, such as whether he had seen the mediator's email. Cardillo also testified that the mediator, a former judge, knowingly allowed the proceedings to continue outside of Cardillo's presence, and that the mediator went so far as to permit him to be physically "locked out" of the proceedings when the final agreement was made.  The undersigned did not find Cardillo's testimony credible in any sense, much less to rebut the existence of an agreement.

Standing alone, the email from the mediator demonstrated an enforceable agreement.  Defendants offer no credible evidence to rebut that finding.  The Court therefore declines to reconsider its prior decision.  As such, the undersigned sees no reason for a further stay of the matter.

Accordingly, it is hereby ORDERED and ADJUDGED that Defendants' Motion to Reconsider, ECF No. 81, and Motion to Stay, ECF No. 82, are DENIED.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on February 26th, 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies to: All Counsel of Record

3